IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BLUEEARTH BIOFUELS, LLC, | ) | CIV. NO. 09-00181 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN ELECTRIC COMPANY, INC.; MAUI ELECTRIC COMPANY, LTD.; ALOHA PETROLEUM, LTD.; AND KARL E. STAHLKOPF, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| HAWAIIAN ELECTRIC COMPANY, INC., AND MAUI ELECTRIC COMPANY, LTD., | ) | |
| | ) | |
| Counterclaim-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BLUEEARTH BIOFUELS, LLC, AND LANDIS MAEZ, Individually, | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |
| _____ | ) | |

# ORDER DENYING PLAINTIFF BLUEEARTH BIOFUELS, LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION FOR RELIEF FROM THE COURT'S NOVEMBER 15, 2010 SUMMARY JUDGMENT ORDER

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion as well as the supporting and opposing memoranda, the Court **DENIES** BlueEarth BioFuels LLC's Motion for Reconsideration of the Court's Order Denying Motion for Relief from the Court's November 15, 2010 Summary Judgment Order ("Motion"). (Doc. # 598.)

## BACKGROUND

After years of litigation, the Court as well as the parties are all familiar with the underlying facts that have given rise to this litigation. Accordingly, the Court will only recite those facts necessary for the resolution of the instant Motion.

In 2006, BlueEarth Biofuels, LLC's ("BlueEarth"), Hawaiian Electric Company, Inc. ("HECO") and Maui Electric Company, Ltd. ("MECO") began talks jointly to develop a local biodiesel production facility to replace their use of petroleum diesel for power production. ("TAC," Doc. # 387, ¶ 12; Doc. # 325, Ex.

2

166.) The new facility would produce biodiesel, which is derived from vegetable feedstock.

After several months of negotiations, BlueEarth, HECO, and MECO signed a confidential Memorandum of Understanding (the "MOU") detailing the plan for the "evaluation, funding and development" of the large-scale biodiesel production facility to be developed by a newly formed limited liability company, originally termed "Newco," owned by the parties and located on MECO-owned land on Maui (the "Project"). (TAC ¶ 19; Doc. # 269, Ex. C.) Although the MOU was entered into between BlueEarth, HECO, and MECO, HECO's responsibilities in the MOU were expressly contemplated to be superceded by an unregulated subsidiary identified as "HUS" and were so designated by the MOU's terms. (Doc. # 269, Ex. C.) HUS was defined as "[b]oth HECO and the Unregulated Subsidiary[.]" (Id.)

The MOU specified how the parties would proceed with the Project's planning, developing, permitting, funding, construction, and operation. (Id.) The MOU also contained a provision in which the parties agreed to "work exclusively and in good faith with each other to develop" the Project. (Doc. # 269, Ex. C at 4.) The MOU explicitly contemplated future formal agreements in furtherance of the parties' business relationship, including a "Tolling Agreement" for the

3

long-term sale of biodiesel produced by the Project.  (TAC ¶ 21, n.1; Doc. # 269, Ex. C at 2.)

Subsequent to the signing of the MOU, two companies were formed: (1) the parties created the entity identified in the MOU as "Newco" and named the company BlueEarth Maui Biodiesel LLC ("BEMB") (Doc. # 316, Ex. 111 at H091481); and (2) HECO created the unregulated subsidiary contemplated in the MOU as HUS and named it Uluwehiokama Biofuels Corp ("UBC").  (Doc. # 316, Ex. 117).  The parties negotiated, and on February 4, 2008 signed, an Operating Agreement and an Investment Agreement (collectively, the "BEMB Agreements") to govern the operation and ownership of BEMB as contemplated in the MOU.  The BEMB agreements were entered into between BlueEarth, UBC and BEMB and were signed on February 4, 2008.  (See "Operating Agreement," Doc. # 326, Ex. 102; "Investment Agreement," id., Ex. 103.)

Under the BEMB Agreements, BlueEarth and UBC were members of BEMB—the entity created to develop the project.  (FACC ¶ 15; Operating Agreement at 40.)  BlueEarth transferred to BEMB all of its development work while the HUS responsibilities were transferred to UBC.  (FACC ¶ 15)  The business affairs of BEMB, pursuant to the BEMB Agreements, were to be managed by and under the direction of a Board of Managers with three members

4

selected by BlueEarth and two selected by UBC.  (Operating Agreement at 28, 19).  BlueEarth appointed Counterclaim Defendant Landis Maez ("Maez") as one of its three BEMB managers on February 4, 2008.  (Id.)

As the Project progressed, BlueEarth and HECO worked jointly to develop the Tolling Agreement and originally engaged in negotiations with Energy Capital Partners ("ECP") for this purpose.[1]  (Doc. # 316, Ex. 104.)  After the negotiations with ECP fell through, BlueEarth alleges that HECO, MECO, Karl Stahlkopf—HECO's then-Vice President of Energy Solutions and Chief Technology Officer—and Aloha began engaging in private negotiations concerning the development, investment, and ownership of the Project.  (TAC ¶¶ 32–36.)  BlueEarth further contends that HECO, MECO, and Aloha worked to circumvent the MOU and their respective NDAs in order to cut BlueEarth out of the Project altogether.  (Id.)

In early October 2008, BlueEarth filed the instant lawsuit in the Northern District of Texas, claiming that Defendants had violated the various NDAs and the Confidentiality Agreement and engaged in a scheme to circumvent

---

[1] The Court notes that although the responsibility for negotiations regarding the Tolling Agreement was a UBC obligation (Doc. # 326, Ex. 102, Schedule C), HECO and BlueEarth appear to have engaged in the negotiations as representatives of BEMB.  (Id.)

5

BlueEarth's role in the Project. (Id. ¶ 10.) On April 21, 2009, the case was transferred to this District. (Id.)

On November 1, 2010, BlueEarth filed its Third Amended Complaint ("TAC"). (Doc. # 387.) The Complaint alleges the following eleven causes of action:

- First: breach of contract (HECO NDA) against HECO (TAC ¶¶ 44–48);

- Second: breach of contract (MECO NDA) against MECO (Id. ¶¶ 49–53);

- Third: breach of contract (MOU) against HECO and MECO (Id. ¶¶ 54–59);

- Fourth: quantum meruit/unjust enrichment against HECO and MECO (Id. ¶¶ 60–63);

- Fifth: breach of contract (Aloha NDA and Confidentiality Agreement) against Aloha (Id. ¶¶ 64-68);

- Sixth: unfair competition under Haw. Rev. Stat. § 480-2 against HECO, MECO, Stahlkopf, and Aloha (Id. ¶¶ 69–76);

- Seventh: tortious interference with existing contracts (all NDAs and the Confidentiality Agreement) as to all Defendants (Id. ¶¶ 77–84);

6

- Eighth: tortious interference with existing contract (MOU) against Aloha (Id. ¶¶ 85–89);
- Ninth: misappropriation of trade secrets against all Defendants in violation of Haw. Rev. Stat. § 482B-2 (Id. ¶¶ 90–93);
- Tenth: conversion against all Defendants (Id. ¶¶ 94–95);
- Eleventh: breach of fiduciary duty against HECO and MECO (Id. ¶¶ 96–101).

On May 18, 2010, BlueEarth filed a Motion for Partial Summary Judgment as to Counts 1–3 of the SAC against HECO and MECO ("MPSJ"). (Doc. # 268.) On August 2, 2010, HECO/MECO Defendants filed a Counter-Motion for Partial Summary Judgment ("CMPSJ"). ("CMPSJ," Docs. ## 315 (redacted), 322 (sealed).) On August 9, 2010, Aloha filed a Joinder in HECO/MECO Defendants' CMPSJ. (Doc. # 328.) On November 15, 2010, the Court issued an Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendant HECO'S Counter-Motion for Partial Summary Judgment ("November Order"). ("Nov. Order," Doc. # 389.) The November Order, in part, found that the BEMB Agreements operated as a novation of the MOU. (Id. at 16–47.)

On February 1, 2011, BlueEarth filed a Motion for Relief from the Court's November 15, 2010 Summary Judgment Order ("Relief Motion"). (Doc. # 479.) On March 28, 2011, the Court denied BlueEarth's relief motion ("March Order"). ("Mar. Order," Doc. # 568.) BlueEarth now requests the Court reconsider this Order.

On April 11, 2011, BlueEarth filed the instant Motion for Reconsideration. ("Mot.," Doc. # 598.) On April 25, 2011, Aloha filed its Opposition. ("Aloha Opp'n," Doc. # 608.) On April 28, 2011, the HECO/MECO Defendants filed their Opposition. ("HECO Opp'n," Doc. # 611.) On May 9, 2011, Aloha filed its Replies. ("Reply to Aloha," Doc. # 613; "Reply to HECO," Doc. # 614.)

STANDARD OF REVIEW

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order. Reconsideration is permitted only on the following grounds:

> (a) discovery of new material facts previously not available;
> (b) intervening change in law;
> (c) manifest error of law or fact.

See Local Rule 60.1; see also Sierra Club, Haw. Chapter v. City & Cnty. of Honolulu, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("Local Rule 60.1 explicitly

mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.").

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996); Na Mamo O `Aha `Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

DISCUSSION

In its instant Motion, BlueEarth takes issue with two statements the Court made in the March Order. In denying BlueEarth's Relief Motion the Court stated that "the circumstances warranted a finding of assent [to a novation]" and that "[t]he only new piece of evidence that BlueEarth points to" is the letter from Karl Stahlkopf that refers to the MOU as being still in existence. (Mar. Order at 30–31.) BlueEarth asserts that the Court was incorrect in making these findings because "the Court does not take into account [Exhibits A–L] many of which are a part of the summary judgment record and all directly related to BlueEarth's contention that the parties never intended a novation." (Mot. at 7.) Despite BlueEarth's protestations, the Court is disinclined to revisit its March Order.

I. Threshold Issues

BlueEarth's failure to address the Court's actual holding in the March Order ultimately dooms the instant Motion for Reconsideration. The Court proffered four reasons why it was denying the Relief Motion and refusing to consider the merits of BlueEarth's request for relief from the November Order in its Relief motion:

- The November Order was interlocutory rather than final and Rule 60(b) could not therefore be used to challenge the November Order. (Mar. Order at 14.)

- The November Order did not deprive BlueEarth of due process and could not, therefore, be characterized as "void" per Rule 60(b)(4). (Id. at 20.)
- BlueEarth's request for relief under Local Rule 60.1 and Rule 54(b) could not be considered as it was raised for the first time in its Reply. (Id. at 23.)
- Even construing the Relief Motion as a motion for reconsideration, it was untimely because it was filed more than two months after the November Order. (Id. at 25–26.)

Only then did the Court turn to the merits of the Relief Motion and conclude that its November Order was correctly decided. (Id. at 27–34.) Indeed, this was clearly an alternative finding as the Court premised its merits discussion by stating explicitly that it "would not, in any event, grant BlueEarth the relief it seeks <u>even if the motion had been timely filed.</u>" (Id. at 27 (emphasis added).) Further, the Court later summarized its rational for denying BlueEarth's Relief Motion:

> In sum, the Court **DENIES** BlueEarth's motion for relief under Rule 60(b)(4) because the November Order is neither final nor was it issued in violation of due process. The Court further refuses to consider BlueEarth's request for relief per Local Rule 60.1 or Rule 54(b) as it was raised for the first time in BlueEarth's Reply briefing. The Court finds, however, that <u>even if it were to consider</u> BlueEarth's request for relief raised for the first time in its Reply briefing, it still would not grant BlueEarth the relief it requests.

(Id. at 34 (emphasis added).)

In the Motion, BlueEarth has completely overlooked these threshold findings made by the Court. It does not challenge the Court's finding that the

11

November Order was interlocutory or that Rule 60 is generally only used to challenge final orders.  BlueEarth does not dispute that the Court's November Order was not "void" as contemplated by Rule 60(b)(4).  BlueEarth proffers no argument in response to the Court's finding that BlueEarth raised its request for relief under Local Rule 60.1 and Rule 54(b) for the first time in its Reply briefing.  Finally, BlueEarth does not dispute the Court's finding that even if the Court construed the Relief Motion as a motion for reconsideration per Local Rule 60.1, it was not timely filed.

    BlueEarth's only argument with respect to these threshold findings is raised not in its Motion, but instead for the first time in its Reply.  BlueEarth again requests that the Court exercise its inherent powers to revisit its November Order.  (Reply to Aloha at 7–8; Reply to HECO at 9.)  "Local Rule 7.4 states '[a] reply must respond only to arguments raised in the opposition.  Any argument raised for the first time in the reply shall be disregarded.'"  (Mar. Order at 21.)  Once more the Court is precluded from considering arguments BlueEarth has raised for the first time in its reply briefing.  As the Court stated in March, "a fundamental purpose behind this rule is to prevent the unfair surprise and prejudice that can result from an untimely filed argument."  (Id. at 20.)  To consider now this argument would deprive Aloha and the HECO/MECO Defendants of an

opportunity to respond to BlueEarth's argument in violation of the Local Rule 7.4 and its underlying purpose. The Court will not therefore consider BlueEarth's request that the Court exercise its inherent powers to revisit the November Order.[2]

Thus, having failed to raise a challenge to these threshold issues in its Motion, BlueEarth has failed to provide the Court a reason to "reconsider its prior

---

[2] The Court also notes that, even if it were to consider BlueEarth's request in its Reply briefing, it would still not exercise its inherent authority to revisit the November Order. As the Court stated in its March Order:

> The Ninth Circuit has recognized that "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind or modify any interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Division v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001). This is primarily because the power to revise an interlocutory order "was recognized at common law and is not derived solely from the Federal Rules of Civil Procedure." Id. at 886. . . .
> Although the Court might may well have the power to disregard the Local Rules, it is not convinced it should in the instant case. []BlueEarth only points to two instances of the Court overlooking Local Rule 60.1 and both are unpublished opinions. Comparatively, instances where the Court has refused to hear a motion to reconsider because it was untimely are legion. See, e.g., Brenner v. IndyMac Bank, F.S.B., Cv. No. 10-00113 SOM-BMK, 2010 WL 5387566, at *2 (D. Haw. Dec. 17, 2010); United States v. Flaherty, Cv. No. 08-000493 SOM-KSC, 2010 WL 4273001, at *6 (D. Haw. Oct. 22, 2010); Hawaii v. U.S. Dep't of Educ., Cv. No. 08-00044 DAE-BMK, 2010 WL 346445, at *4 (D. Haw. Jan. 29, 2010).

(Mar. Order at 25–26.)

13

decision," much less "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson, 947 F. Supp. at 430; Na Mamo O `Aha `Ino, 60 F. Supp. 2d at 1059. For these reasons, the Court **DENIES** BlueEarth's Motion for Reconsideration.

II. The Merits

In the alternative, the Court wants to be clear it would still not grant the relief BlueEarth requests in the instant Motion even if BlueEarth had proffered some rational for overcoming the threshold issues discussed supra.[3] BlueEarth has failed to satisfy the standard for reconsideration.

The crux of BlueEarth's argument is that the Court failed to consider all relevant information before denying the Relief Motion. (Mot. at 6.) BlueEarth then provides the Court with eleven documents, lettered B through L, which purport to demonstrate that the parties never intended a novation.[4] (See id. at 8–11.) The Court cannot agree.

---

[3] The Court notes that this assumption leads to a preposterous procedural posture. Specifically, the Court would have to consider BlueEarth's Motion for Relief as a motion for reconsideration and the Court's March Order as an Order denying the motion for reconsideration. The instant Motion would therefore be a motion for reconsideration of an order denying a motion for reconsideration.

[4] Exhibit A is the MOU itself.

14

First, it is curious that BlueEarth faults the Court for failing to consider these documents in its March Order. BlueEarth only attached one of the eleven documents attached to the instant Motion to its Relief Motion, which the Court duly considered, albeit in the alternative. With the exception of Exhibit G, BlueEarth had all of these documents within its possession when it filed the Relief Motion and could have provided them to the Court.[5] BlueEarth failed to do so. "[R]econsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." Haw. Stevedores, 363 F. Supp. 2d at 1269 (citing Kona Enter, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); All Haw. Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649–50 (D. Haw. 1987).) Thus, to the extent that nine out of the eleven documents now provided by BlueEarth to the Court could have been attached to the Relief Motion, the Court finds that they cannot be used as a basis for reconsideration of the Court's March Order.

In any event, the standard for assent to a novation is objective, not subjective. As the Court found both in its November and March Orders:

> BlueEarth states that it never understood that UBC took HECO's place at any time with regard to its obligations under the

---

[5] Indeed, six of the eleven documents, were submitted with BlueEarth's original Motion for Summary Judgment

MOU. (See Opp'n to CMPSJ at 6; Doc. # 331, Maez Decl. ¶ 26.) However, as stated above, the standard for assent is objective, not subjective. The MOU expressly anticipated the BEMB Agreements would formalize the MOU's obligations and that HECO would create an unregulated subsidiary—UBC—to take over all HUS/HECO's obligations. BlueEarth's objective assent to the novation is evidenced through its demonstrated knowledge that UBC, once formed, would carry the HUS's obligations under the MOU and that the MOU would be superseded by the BEMB Agreements, which BlueEarth drafted and signed. Further, UBC, not HECO, satisfied the amended funding obligation without objection by BlueEarth when it delivered $380,000 to BEMB on the effective date of the Operating [Agreement—February 4, 2008—and the final $20,000 on March 31, 2008.]

(Mar. Order at 30–31 (quoting Nov. Order at 45).) In its November Order, the Court went on to state:

> [T]he language of the MOU and the circumstances surrounding its drafting and the drafting of the Operating Agreement demonstrate that the BEMB Agreements were intended to supersede the MOU. Because a different party—UBC—was substituted as the obligor for HUS/HECO, this supersession was a novation. From the beginning, the MOU reflected the parties' intent that HUS (and HECO) serve as a stand-in until UBC could be formed and assume any HUS/HECO responsibilities. Once BEMB and UBC were formed, the parties finalized the BEMB Agreements, which covered the same subject matter as the MOU, but provided further detail and formalization such as assigning all former HUS/HECO responsibilities to UBC. As UBC's predecessor, HUS/HECO was an intended beneficiary of the BEMB Agreements' integration clauses, because HUS/HECO was relieved of all obligations under the MOU as anticipated by the MOU and was discharged of any further obligation. See generally Jones v. Don L. Gordon Corp., 586 P.2d 1024, 1027 (Haw. 1978) (the trial court's conclusion was "supportable only on the theory of a novation

16

> which substituted Star for Gordon and relieved Gordon from responsibility for performance of the contract."). Moreover, given the fact that the MOU and BEMB Agreements cover the same subject matter and there is nothing on the Agreements' face to show that they were intended to be supplemental as demonstrated by the merger clauses, the BEMB Agreements are a novation of the MOU by operation of law.

(Nov. Order at 45–46.) Indeed, BlueEarth in the instant Motion overlooks the language of the MOU which reflected the parties intent to supersede it with more formal agreements subsequent to its signing as well as the BEMB agreements, which covered all the subject matter of the MOU and contained merger clauses reflecting the parties' intentions to supersede the MOU. (Nov. Order at 39, 41, 45.) BlueEarth's repeated reliance on various <u>subjective</u> statements that allegedly support its contention that the MOU remained in effect subsequent to the signing of the BEMB Agreements once more must fail. Such assertions were first insufficient for BlueEarth to prevail on its Motion for Summary Judgment, then insufficient for BlueEarth to prevail on its Relief Motion, and are now insufficient for BlueEarth to prevail on the instant Motion for Reconsideration of the Court's March Order. See <u>Standard Mgmt., Inc. v. Kekona</u>, 53 P.3d 264, 273 (Haw. App. 2001). BlueEarth has failed to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Donaldson</u>, 947 F. Supp. at 430; <u>Na Mamo O `Aha `Ino</u>, 60 F. Supp. 2d at 1059. The Court's finding in the

17

November Order that the language and circumstances surrounding the signing of the MOU demonstrated an objective assent to novation therefore stands.

CONCLUSION

For the reasons stated above, the Court **DENIES** BlueEarth BioFuels LLC's Motion for Reconsideration of the Court's Order Denying Motion for Relief from the Court's November 15, 2010 Summary Judgment Order. (Doc. # 598.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 12, 2011.

_____
David Alan Ezra
United States District Judge

BlueEarth Biofuels, LLC v. Hawaiian Electric Company, Inc., et al., Civ. No. 09-00181 DAE-KSC; ORDER DENYING PLAINTIFF BLUEEARTH BIOFUELS, LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION FOR RELIEF FROM THE COURT'S NOVEMBER 15, 2010 SUMMARY JUDGMENT ORDER