IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

BLUEEARTH BIOFUELS, LLC,

Plaintiff,

vs.

HAWAIIAN ELECTRIC COMPANY, INC.; MAUI ELECTRIC COMPANY, LTD.; ALOHA PETROLEUM, LTD.; AND KARL E. STAHLKOPF, Individually,

Defendants.

---

HAWAIIAN ELECTRIC COMPANY, INC., AND MAUI ELECTRIC COMPANY, LTD.,

Counterclaim-Plaintiffs,

vs.

BLUEEARTH BIOFUELS, LLC, AND LANDIS MAEZ, Individually,

Counterclaim-Defendants.

---

CIV. NO. 09-00181 DAE-KSC

ORDER: (1) GRANTING DEFENDANTS AND COUNTERCLAIMANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY, LTD., AND KARL E. STAHLKOPF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM WITHOUT PREJUDICE AND RULE 54(B) MOTION FOR ENTRY OF FINAL JUDGMENT AND (2) GRANTING DEFENDANT ALOHA PETROLEUM, LTD.'S SIMPLE JOINDER IN AND STATEMENT OF POSITION ON MOTION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion as well as the supporting and opposing memoranda, the Court **GRANTS** the HECO/MECO Defendants' Motion to Dismiss First Amended Counterclaim without Prejudice and Rule 54(b) Motion for Entry of Final Judgment ("Motion") and (2) GRANTS Aloha's Simple Joinder in and Statement of Position on Motion ("Joinder Motion"). (Docs. ## 621, 626.)

BACKGROUND

The Court assumes the parties familiarity with this litigation and will only recite those facts necessary for resolution of the instant Motion.

On November 1, 2010, BlueEarth filed its Third Amended Complaint ("TAC"). (Doc. # 387.) The Complaint alleged the following eleven causes of action:

- First: breach of contract (HECO NDA) against HECO (TAC ¶¶ 44–48);

- Second: breach of contract (MECO NDA) against MECO (Id. ¶¶ 49–53);

- Third: breach of contract (MOU) against HECO and MECO (Id. ¶¶ 54–59);

- Fourth: quantum meruit/unjust enrichment against HECO and MECO (Id. ¶¶ 60–63);

- Fifth: breach of contract (Aloha NDA and Confidentiality Agreement) against Aloha (Id. ¶¶ 64-68);

- Sixth: unfair competition under Haw. Rev. Stat. § 480-2 against HECO, MECO, Stahlkopf, and Aloha (Id. ¶¶ 69–76);

- Seventh: tortious interference with existing contracts (all NDAs and the Confidentiality Agreement) as to all Defendants (Id. ¶¶ 77–84);

- Eighth: tortious interference with existing contract (MOU) against Aloha (Id. ¶¶ 85–89);

- Ninth: misappropriation of trade secrets against all Defendants in violation of Haw. Rev. Stat. § 482B-2 (Id. ¶¶ 90–93);

- Tenth: conversion against all Defendants (Id. ¶¶ 94–95);

- Eleventh: breach of fiduciary duty against HECO and MECO (Id. ¶¶ 96–101).

As a result of three Orders dated November 15, 2010, February 8, 2011, and May 25, 2011, there are no surviving Counts of the TAC. (See Docs. ## 389, 484, 617.)

On December 22, 2010, the HECO/MECO Defendants filed their First Amended Counterclaim ("FACC"). ("FACC," Doc. # 411.) The HECO/MECO Defendants allege the following causes of action:

- First: breach of contract (BEMB Agreements) by HECO as UBC's assignee against BlueEarth (Id. ¶¶ 29–36);
- Second: breach of fiduciary duty by HECO as UBC's assignee against BlueEarth and Maez (Id. ¶¶ 37–43);
- Third: breach of fiduciary duty by HECO and MECO against BlueEarth (Id. ¶¶ 44–49);
- Fourth: breach of contract (the NDAs) by HECO and MECO against BlueEarth (Id. ¶¶ 50–55);
- Fifth: tortious interference with contracts (the BEMB Agreement and NDAs) by HECO, for itself and as UBC's assignee, and MECO, all against Maez (Id. ¶¶ 56–61).

By Order dated May 25, 2011 ("May Order"), each of these Counts were dismissed without prejudice. (See "May Order," Doc. # 617.) Indeed, the Court specifically found that "equity dictates the HECO/MECO Defendants be afforded at least

another opportunity to amend the FACC given that BlueEarth has amended their Complaint three times." (Id. at 43.) The Court continued, "The HECO/MECO Defendants, if they elect to do so, shall file an amended counterclaim on or before thirty days from the filing of this Order." (Id.)

On November 15, 2011, Aloha filed its Counterclaim. (See "CC," Doc. # 396.) Aloha alleges the following causes of action:

- First: intentional and negligent misrepresentation or omission (Id. ¶¶ 61–69);

- Second: breach of contract (Id. ¶¶ 70–75);

- Third: defamation (Id. ¶¶ 76–83);

- Fourth: tortious interference with prospective business advantage (Id. ¶¶ 84–92).

Aloha's Counterclaim is still a live pleading.

On June 16, 2011, the HECO/MECO Defendants filed the instant Motion seeking voluntary dismissal of the FACC without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2) and for entry of final judgment pursuant to Rule 54(b). ("Mot.," Doc. # 621.) On July 7, 2011, BlueEarth filed an Opposition. ("Opp'n," Doc. # 625.) The same day, Aloha filed its Joinder Motion.

("Joinder Mot.," Doc. # 626.) On July 13, 2011, the HECO/MECO Defendants filed their Reply. ("Reply," Doc. # 627.)

## DISCUSSION

### I. Voluntary Dismissal and Legal Prejudice

Rule 41(a)(2) allows a movant, pursuant to court order, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (citing Fed. R. Civ. P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)).

Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice. Stevedoring, 889 F.2d at 921; see also Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal."). In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and "will not be disturbed unless the court has abused its discretion." Westlands Water Dist., 100 F.3d at 96 (citations omitted).

Thus, when ruling upon a Rule 41(a)(2) motion to dismiss without prejudice, the district court must first determine whether the opposing party will suffer resultant legal prejudice. Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). "Plain legal prejudice . . . does not result simply when [the opposing party] faces the prospect of a second lawsuit or when [the movant] merely gains some tactical advantage." Hamilton, 679 F.2d at 145 (citing Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)). Plain legal prejudice "is just that—prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist., 100 F.3d at 97. In other words, legal prejudice is shown "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." Id.; see also id. ("[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense."); Hyde & Drath, 24 F.3d at 1169 (concluding that the district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud). District courts within the Ninth Circuit have applied the

following four-factor test in determining whether there is legal prejudice: (1) the opposing party's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that summary judgment has been filed by the opposing party. United States v. Berg, 190 F.R.D. 539, 543 (E.D. Cal. 1999)

"Uncertainty because a dispute remains unresolved" or because of "the threat of future litigation" does not result in plain legal prejudice. Smith, 263 F.3d at 976. Neither does "[p]lain legal prejudice . . . result merely because the defendant will be inconvenienced by having to defend in another forum or where [the moving party] would gain a tactical advantage by that dismissal." Id. Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." Westlands, 100 F.3d at 97.

The district court must further determine what conditions, if any, to place upon the dismissal. To alleviate the prejudice resulting from dismissal, courts may impose costs and attorney's fees upon the moving party. Id. However, the imposition of costs and fees is not a prerequisite to grant of a voluntary dismissal. Stevedoring, 889 F.2d at 921.

The Court does not believe that by granting the instant Motion, BlueEarth will suffer prejudice. As a preliminary matter, the Court notes that nowhere in its entire Opposition does BlueEarth argue legal prejudice would result from a voluntary dismissal of the FACC. Instead, BlueEarth argues that the HECO/MECO Defendants' failure to amend their pleading within the thirty days provided by this Court should result the FACC's dismissal with prejudice.[1] Without a claim that it would suffer legal prejudice, the Court cannot conclude BlueEarth will be prejudiced by granting the instant Motion.[2]

Moreover, an independent review of the record demonstrates clearly that BlueEarth will suffer no legal prejudice resulting from a voluntary dismissal. First, the record demonstrates that BlueEarth has made no effort preparing for trial on the FACC as it filed its Motion to Dismiss the FACC simultaneously with its Answer, and the Motion to Dismiss was granted. (See Docs. ## 424, 425.)

---

[1] This argument will be discussed infra.

[2] The only glint of a legal prejudice argument raised by BlueEarth is in the first page of its Opposition where it argues that this Motion is nothing more than an attempt at preventing BlueEarth from obtaining attorneys fees while simultaneously an attempt to "intimidate BlueEarth from seeking appellate review by threatening an award of attorney's fees . . . ." (Opp'n at 1.) In other words, BlueEarth complains that the HECO/MECO Defendants seek tactical advantages by filing this Motion. As the Court has made clear, "Plain legal prejudice . . . does not result simply when . . . [the movant] merely gains some tactical advantage." Hamilton, 679 F.2d at 145.

Second, the record reflects that the HECO/MECO Defendants diligently sought voluntary dismissal. The instant Motion was filed within the thirty-day window in which this Court granted leave to amend the FACC. (See May Order; Mot.) Third, the HECO/MECO Defendants have stated on the record that this motion is brought to preserve judicial and litigant resources. (Mot. at 7.) Indeed, the HECO/MECO Defendants have made clear that they will only revive the FACC if BlueEarth were successful on appeal. (Id. n.2.) Finally, BlueEarth has not sought summary judgment on the FACC because its Motion to Dismiss was granted. Accordingly, the HECO/MECO Defendants have satisfied each of the four factors laid out in Berg. See 190 F.R.D. at 543. Coupled with BlueEarth's failure to proffer any argument as to why it would suffer prejudice if the Court granted the instant Motion, the Court concludes that by granting the instant Motion BlueEarth will not suffer legal prejudice.[3]

II.     FACC and Dismissal without Prejudice

As discussed, in Opposition to the instant Motion BlueEarth focuses on the Court's May Order which granted the HECO/MECO Defendants thirty days to amend their FACC. BlueEarth notes that the thirty-day window closed on June

---

[3] The Court also notes that with Aloha's Joinder Motion, there can be no doubt that no party will suffer legal prejudice as Aloha is the only other participant in the litigation. See Stevedoring, 889 F.2d at 921.

24, 2011. According to BlueEarth, the FACC "was dismissed with prejudice pursuant to the Order—and Ninth Circuit precedent—on June 24, 2011." (Opp'n at 3.) For this reason, according to BlueEarth, the Court should deny the Motion. The Court is not persuaded.

BlueEarth relies upon Edwards v. Marin Park, Inc., 356 F.3d 1058 (9th Cir. 2004), to argue that the FACC was effectively dismissed with prejudice on June 24, 2011. The case, however, is inapposite. Edwards involved an involuntary dismissal by the court as a sanction pursuant to Rule 41(b) against the plaintiff for failure to follow the court's instructions. Id. at 1063. The HECO/MECO Defendants here are seeking a voluntary dismissal pursuant to Rule 41(a). Moreover, the Court here did not warn the HECO/MECO Defendants that a failure to amend would lead to dismissal with prejudice as in Edwards. Id. at 43. Simply stated, the Court has not here dismissed the FACC with prejudice, nor stated that the FACC would be so dismissed absent the HECO/MECO Defendants taking some action.

Also weighing in the HECO/MECO Defendants' favor, they filed the instant Motion within the thirty-day window ordered by the Court. (See Mot. (filed on June 16, 2011).) The HECO/MECO Defendants were plainly aware of the deadline and sought appropriate relief in a timely fashion. The Court will not

here castigate the HECO/MECO Defendants by dismissing the FACC with prejudice for acting in an appropriate manner.

Finally, the Court notes that the Federal Rules of Civil Procedure grant the Court broad discretion with respect to deadlines. Pursuant to Rule 6(b), the Court may extend deadlines irrespective of whether a motion is filed before or after a deadline has passed. Fed. R. Civ. P. 6(b). Moreover, a district court has control to "efficiently and economically control its docket" as it sees fit. See Landis v. North American Co, 299 U.S. 248, 255 (1936); see also Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979) (finding a court may proceed in a manner that is "efficient for its own docket and the fairest course for the parties . . ."). For all the reasons stated above, the Court does not at this time believe that the HECO/MECO Defendants' conduct warrants dismissal of the FACC with prejudice, irrespective of the May Order.

Accordingly, the HECO/MECO Defendants are entitled to voluntary dismissal without prejudice of the FACC.

III. Judgment on the TAC

Although the Court disposed of the remainder of the TAC in its May Order, the Court refrained from entering final judgment as both the FACC and Aloha's Counterclaim endured. Now the HECO/MECO Defendants, in addition to

requesting a voluntary dismissal of the FACC discussed supra, request that this Court enter judgment in their favor on the TAC pursuant to Rule 54(b).

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  The "issuance of a 54(b) order is a fairly routine act that is reversed only in the rarest of instances."  James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).  Entry of final judgment under Rule 54(b) is appropriate where there are multiple claims or parties and at least one claim was finally adjudicated.  Ariz. State Carpenters Pension Trust Fund v. Miller, 938 F.2d 1038, 1039 (9th Cir. 1991).  "The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based on those facts.  Purdy Mobile Homes, Inc. v. Champion Home Builders Co., 594 F.2d 1313, 1316 (9th Cir. 1979).  A decision is "final" if it is "an ultimate disposition of an individual claim entered in the course of multiple claims action." Curtiss-Wright Corp. v. Gen. Elec. Corp., 446 U.S. 1, 7 (1980); see also Miller, 938 F.2d at 1039 ("A ruling is final, and therefore appealable if it ends the litigation on the

merits and leaves nothing for the court to do but execute judgment as to that party or claim." (quotations omitted)).

The Court finds that the HECO/MECO Defendants are entitled to judgment per Rule 54(b). As a preliminary matter, BlueEarth and Aloha have explicitly stated that they do not oppose the entry of final judgment in the HECO/MECO Defendants' favor with respect to TAC. (See Opp'n at 4 n.2; Joinder Motion at 2–3.) Further, the three Court orders referenced above disposed of all of BlueEarth's claims in the TAC against the HECO/MECO Defendants. (See Docs. ## 349, 484, 617.) Moreover, as discussed supra, the HECO/MECO Defendants do not intend to amend their FACC at this time and have instead sought to have it dismissed without prejudice. Accordingly, the HECO/MECO Defendants have no pending claims against BlueEarth, and the litigation is effectively over with respect to the HECO/MECO Defendants. The Court therefore concludes there is no just reason to delay entry of final judgment on BlueEarth's claims in the TAC in favor of the HECO/MECO Defendants.

CONCLUSION

For these reasons, the Court **GRANTS** the HECO/MECO Defendants' Motion to Dismiss First Amended Counterclaim without Prejudice and Rule 54(b) Motion for Entry of final judgment and (2) GRANTS Aloha's

Simple Joinder in and Statement of Position on Motion. (Docs. ## 621, 626.) The Clerk of Court is hereby directed to enter final judgment in favor of the HECO/MECO Defendants with respect to the TAC. The Clerk of Court may not yet close the case because Aloha's Counterclaim is still a live pleading and the Court has not yet entered final judgment in Aloha's favor with respect to the TAC. Although Aloha has stated its intention to seek voluntary dismissal of the Counterclaim as well as an entry of final judgment, (Joinder Motion at 2–3,) it has not yet done so.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 18, 2011.




David Alan Ezra
United States District Judge

BlueEarth Biofuels, LLC v. Hawaiian Electric Company, Inc., et al., Civ. No. 09-00181 DAE-KSC; ORDER: (1) GRANTING DEFENDANTS AND COUNTERCLAIMANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY, LTD., AND KARL E. STAHLKOPF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM WITHOUT PREJUDICE AND RULE 54(B) MOTION FOR ENTRY OF FINAL JUDGMENT AND (2) GRANTING DEFENDANT ALOHA PETROLEUM, LTD.'S SIMPLE JOINDER IN AND STATEMENT OF POSITION ON MOTION