IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
BLUEEARTH BIOFUELS, LLC,         ) CIVIL NO. 09-00181 DAE-KSC
                                 )
          Plaintiff,             ) FINDINGS AND
                                 ) RECOMMENDATION REGARDING
     vs.                         ) PLAINTIFF'S OBJECTIONS TO
                                 ) THE BILL OF COSTS OF
HAWAIIAN ELECTRIC COMPANY,       ) DEFENDANTS HAWAIIAN
INC.; MAUI ELECTRIC              ) ELECTRIC COMPANY, INC.,
COMPANY, LTD.; ALOHA             ) MAUI ELECTRIC COMPANY,
PETROLEUM, LTD.; and KARL        ) LTD., AND KARL STAHLKOPF
E. STAHLKOPF, Individually,      )
                                 )
          Defendants.            )
_____  )
```

FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S OBJECTIONS TO THE BILL OF COSTS OF
DEFENDANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI
<u>ELECTRIC COMPANY, LTD., AND KARL STAHLKOPF</u>

Before the Court is Plaintiff BlueEarth Biofuels LLC's ("Plaintiff") Objections to the Bill of Costs ("BOC") of Defendant Hawaiian Electric Company, Inc., Maui Electric Company, Ltd., and Karl Stahlkopf (collectively "Defendants"), filed August 12, 2011. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiff's Objections be SUSTAINED. The Court recommends that costs be taxed against Plaintiff in the amount of **$27,275.16**.

BACKGROUND

As the parties and the Court are familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the instant Objections.

On November 15, 2010, United States District Judge David Alan Ezra issued an Order Denying Plaintiff's Motion for Partial Summary Judgment; Granting Defendant HECO's Counter-Motion for Partial Summary Judgment. Doc. No. 389. On February 8, 2011, Judge Ezra issued an Order: (1) Granting in Part and Denying in Part Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd. and Karl E. Stahlkopf's Amended Motion to Dismiss the Fourth, Sixth, Seventh, Ninth, Tenth and Eleventh Causes of Action of Plaintiff BlueEarth Biofuels, LLC's Third Amended Complaint and; (2) Granting in Part and Denying

in Part Aloha Petroleum, Ltd.'s Motion for Judgment on the Pleadings on Counts Six Through Ten of the Third Amended Complaint. Doc. No. 484. On May 25, 2011, Judge Ezra issued an Order: (1) Granting Plaintiff and Counterclaim-Defendant BlueEarth Biofuels, LLC and Counterclaim-Defendant Landis Maez's Motion to Dismiss First Amended Counterclaim of Hawaiian Electric Company, Inc. and Maui Electric Company, Ltd.; (2) Granting in Part and Denying in Part Defendants Hawaiian Electric Company, Inc., Maui Electric Company Ltd. and Karl E. Stahlkopf's Motion for Summary Judgment on the First, Second, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Causes of Action of the Third Amended Complaint; (3) Granting in Part and Denying in Part Defendant Aloha Petroleum Ltd.'s Motion for Summary Judgment on the Claim for Lost Profits and on the Fifth Through Tenth Causes of Action of the Third Amended Complaint; (4) Granting Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd. and Karl E. Stahlkopf's Joinder in Defendant Aloha Petroleum, Ltd.'s Motion for Summary Judgment and; (5)

Dismissing Count Six of the Third Amended Complaint. Doc. No. 617.

On July 18, 2011, the Court granted Defendants' Motion to Dismiss First Amended Counterclaim Without Prejudice and Rule 54(b) Motion for Entry of Final Judgment and granted Defendant Aloha Petroleum, Ltd.'s Simple Joinder in and Statement of Position on the aforesaid Motion. Doc. No. 628.

On July 22, 2011, the Clerk entered judgment in Defendants' favor pursuant to Document Numbers 389, 484, 617, and 628.

On July 26, 2011, Plaintiff filed a Notice of Appeal to the Ninth Circuit.

On August 5, 2011, Defendants filed their Bill of Costs.

## DISCUSSION

Defendants request costs in the amount of $41,690.84 pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1). Specifically, Defendants seek the following: 1) fees of the clerk - $12.50; 2) fees for service of summons and subpoena - $2,596.00; 3) fees

for printed or electronically recorded transcripts necessarily obtained for use in the case - $24,666.66; and 4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case - $14,415.68.

I. <u>Entitlement to Costs</u>

Defendants argue that they are entitled to the aforementioned costs as the prevailing parties in this action. FRCP 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Courts have discretion to award costs pursuant to FRCP 54(d). <u>See</u> <u>Yasui v. Maui Elec. Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

The parties do not dispute Defendants' prevailing party status in this action. Judgment has

entered in Defendants' favor, and they are the "prevailing party" for the purpose of awarding costs under FRCP 54(d)(1).

II. Calculation of Taxable Costs

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of the title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126.  The Court addresses each of the costs requested by Defendants in turn.

As an initial matter, the Court notes that Plaintiff does not object to Defendants' request for 1) fees of the clerk - $12.50; 2) fees for service of summons and subpoena - $2,596.00; and 3) fees for printed or electronically recorded transcripts necessarily obtained for use in the case - $24,666.66.  Insofar as these costs are compensable pursuant to §§ 1920(1)[1] and (2),[2] and Local Rule 54.2(f)(1)[3]-(2),[4]

---

[1] Section 1920(1) allows for the taxation of the fees of the clerk and marshal.

[2] Section 1920(2) authorizes recovery of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).

[3] Local Rule 54.2(f)(1) provides: "Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent that they are reasonably required and actually incurred."  Local Rule 54.2(f)(1).

[4] Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition

the Court recommends that **$27,275.16** be taxed in Defendants' favor.

The only issue remaining for disposition is whether Defendants are entitled to $14,415.68 in copying costs. Plaintiff submits that the request should be rejected because 1) Defendants failed to provide information regarding the "use of or intended purpose for" the copies, or establish that the copies at issue were "necessarily obtained" for use in the case and 2) Defendants improperly seek reimbursement for copies made for the convenience of counsel.

Defendants explain that photocopies and electronic copies made by outside vendors were necessarily obtained for use in the case for 1) the production of documents responsive to Plaintiff's

---

>transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

document requests and 2) counsel's effective performance and prosecution. Decl. of Clyde J. Wadsworth ("Wadsworth Decl.") at ¶ 10. With respect to the in-house photocopying, Defendants assert that the "copies were necessarily obtained for submission to the Court (in the case of motions), service on the parties (in the case of discovery) and/or counsel's files (one copy only)." Id. at ¶ 12.

Section 1920(4) explicitly provides for the taxation of copying costs and section 1920(3) provides for the taxation of "[f]ees and disbursements for printing." 28 U.S.C. § 1920(3) & (4). Local Rule 54.2(f)(4) sets forth specific requirements that must be met.

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and <u>the use of or intended purpose for the items copied</u>. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. <u>The cost of copies obtained for the use and/or</u>

9

>       <u>convenience of the party seeking recovery
>       and its counsel is not allowable</u>.

Local Rule 54.2(f)(4) (emphases added).

Here, Defendants have not fully complied with Local Rule 54.2(f)(4), nor made a sufficient showing that the requested copying costs were "necessary." The Court acknowledges that Defendants have adequately described the documents copied, the number of pages copied, the number of copies made, and the per/page copying costs. However, because Defendants have not explained with specificity the use or intended purpose of the documents, the Court cannot determine whether the copies were necessary and/or reasonable. Defendants' generalized explanation of the use or intended purpose of the documents, i.e., production of documents responsive to Plaintiff's document requests; counsel's effective performance and prosecution; submission to the Court (in the case of motions); service on the parties (in the case of discovery); and/or counsel's files (one copy only), is inadequate. In fact, Defendants' admission that some of the copies

were made for counsel's effective performance and/or counsel's files calls into question the request, as Local Rule 54.2(f)(4) prohibits Defendants' recovery of the "cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel." Local Rule 54.2(f)(4). Without knowing which of the copies fall under the categories of uses provided by Defendants, the Court cannot ascertain whether the copying costs were reasonably incurred. For these reasons, the Court declines to tax copying/outside printing costs.

In sum, the Court recommends an award of **$27,275.16** for clerk's fees, service fees, and transcript fees because such costs are authorized under § 1920 and/or Local Rule 54.2(f), and because Plaintiff does not oppose said request. The Court recommends that Defendants' request for copying costs be denied for failure to comply with Local Rule 54.2(f)(4).

CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Objections to the Bill of Costs of Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd., and Karl E. Stahlkopf, filed August 12, 2011, be SUSTAINED, and that costs be taxed against Plaintiff in the amount of **$27,275.16**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 22, 2011.



Kevin S.C. Chang
United States Magistrate Judge

CV 09-00181 DAE-KSC; <u>BlueEarth Biofuels, LLC v. Hawaiian Electric Company, Inc., et al.</u>; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTIONS TO THE BILL OF COSTS OF DEFENDANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY, LTD., AND KARL STAHLKOPF