IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

BLUEEARTH BIOFUELS, LLC,  ) CIVIL NO. 09-00181 DAE-KSC
                          )
    Plaintiff,            ) FINDINGS AND
                          ) RECOMMENDATION REGARDING
    vs.                   ) DEFENDANTS HAWAIIAN
                          ) ELECTRIC COMPANY, INC.,
HAWAIIAN ELECTRIC COMPANY,) MAUI ELECTRIC COMPANY,
INC.; MAUI ELECTRIC       ) LTD. AND KARL E.
COMPANY, LTD.; ALOHA      ) STAHLKOPF'S OBJECTIONS TO
PETROLEUM, LTD.; and KARL ) PLAINTIFF BLUEEARTH
E. STAHLKOPF, Individually,) BIOFUELS, LLC'S BILL OF
                          ) COSTS
    Defendants.           )
_____)

FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS
HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY,
LTD. AND KARL E. STAHLKOPF'S OBJECTIONS TO PLAINTIFF
<u>BLUEEARTH BIOFUELS, LLC'S BILL OF COSTS</u>

Before the Court is Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd., and Karl Stahlkopf's (collectively "Defendants") Objections to Plaintiff BlueEarth Biofuels, LLC's ("Plaintiff") Bill of Costs, filed August 17, 2011. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Defendants' Objections be SUSTAINED.

BACKGROUND

As the parties and the Court are familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the instant Objections.

On November 15, 2010, United States District Judge David Alan Ezra issued an Order Denying Plaintiff's Motion for Partial Summary Judgment; Granting Defendant HECO's Counter-Motion for Partial Summary Judgment.  Doc. No. 389.

On February 8, 2011, Judge Ezra issued an Order: (1) Granting in Part and Denying in Part Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd. and Karl E. Stahlkopf's Amended Motion to Dismiss the Fourth, Sixth, Seventh, Ninth, Tenth and Eleventh Causes of Action of Plaintiff BlueEarth Biofuels, LLC's Third Amended Complaint and; (2) Granting in Part and Denying in Part Aloha

Petroleum, Ltd.'s Motion for Judgment on the Pleadings on Counts Six Through Ten of the Third Amended Complaint.  Doc. No. 484.

On May 25, 2011, Judge Ezra issued an Order: (1) Granting Plaintiff and Counterclaim-Defendant BlueEarth Biofuels, LLC and Counterclaim-Defendant Landis Maez's Motion to Dismiss First Amended Counterclaim of Hawaiian Electric Company, Inc. and Maui Electric Company, Ltd.; (2) Granting in Part and Denying in Part Defendants Hawaiian Electric Company, Inc., Maui Electric Company Ltd. and Karl E. Stahlkopf's Motion for Summary Judgment on the First, Second, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Causes of Action of the Third Amended Complaint; (3) Granting in Part and Denying in Part Defendant Aloha Petroleum Ltd.'s Motion for Summary Judgment on the Claim for Lost Profits and on the Fifth Through Tenth Causes of Action of the Third Amended Complaint; (4) Granting Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd. and Karl E. Stahlkopf's Joinder in Defendant Aloha Petroleum,

Ltd.'s Motion for Summary Judgment and; (5) Dismissing Count Six of the Third Amended Complaint.  Doc. No. 617.

On July 18, 2011, the Court granted Defendants' Motion to Dismiss First Amended Counterclaim Without Prejudice and Rule 54(b) Motion for Entry of Final Judgment and granted Defendant Aloha Petroleum, Ltd.'s Simple Joinder in and Statement of Position on the aforesaid Motion.  Doc. No. 628.

On July 22, 2011, the Clerk entered judgment in Defendants' favor pursuant to Document Numbers 389, 484, 617, and 628.

On July 26, 2011, Plaintiff filed a Notice of Appeal to the Ninth Circuit.  Doc. No. 632.

On August 10, 2011, Plaintiff filed its Bill of Costs ("BOC").  Doc. No. 645.

On August 16, 2011, Judge Ezra issued an Order: (1) Granting Aloha's Motion for Entry of Final Judgment Pursuant to Rule 54(b) and (2) Staying the Proceedings on Aloha's Counterclaim Pending Appeal of Final Judgment.  Doc. No. 652.

On August 18, 2011, the Clerk entered judgment in Defendant Aloha Petroleum, Ltd.'s favor. Doc. No. 656.

DISCUSSION

Plaintiff requests costs in the amount of $722.12 pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1), which represents $345.00 in fees of the clerk and $377.12 in copying costs.

Defendants object to the BOC on the grounds that Plaintiff is not a "prevailing party" under FRCP 54(d)(1). Plaintiff submits that it is entitled to costs as the "prevailing party" under state law.[1]

---

[1] This is the argument extended by Plaintiff in its motion for taxation of costs. Doc. No. 644. The Court struck the motion for taxation of costs because it was improperly filed. Doc. No. 646. Plaintiff is mistaken that state law applies to the Court's determination of whether Plaintiff is entitled to taxable costs under FRCP 54(d). Although federal jurisdiction in this case is based upon diversity, because the taxation of costs pursuant to FRCP 54(d)(1) is a procedural matter, federal law applies. Chaparral Res., Inc. v. Monsanto Co., 849 F.2d 1286, 1291–92 (10th Cir. 1988) ("In a diversity case, federal law controls in regard to the assessment of costs."); DeRoburt v. Gannett Co., Inc., 558 F. Supp. 1223, 1228 (D. Haw. 1983) ("The determination of which costs are recoverable depends upon judicial interpretation of

FRCP 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Courts have discretion to award costs pursuant to FRCP 54(d). See <u>Yasui v. Maui Elec. Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

Local Rule 54.2(a) provides that "[t]he party entitled to costs shall be <u>the prevailing party in whose favor judgment is entered</u>, or shall be the party who prevails in connection with a motion listed in LR 54.2(b)."[2] Local Rule 54.2(a) (emphasis added); <u>San Diego Police Officers' Ass'n v. San Diego City</u>

---

Rule 54(d) and relevant federal statutes, rather than upon state law." (citing <u>Hanna v. Plumer</u>, 380 U.S. 460, 473-74 (1965)) (some citations omitted)).

[2] The motions listed in Local Rule 54.2(b) are as follows: 50(b), 52(b) or 59. Local Rule 54.2(b). Plaintiff did not file or prevail on any of these types of motions.

Employees' Ret. Sys., 568 F.3d 725, 741 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in original) ("Courts consistently confirm that [a] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).").

Here, Plaintiff has not obtained judgment in its favor, as required by Local Rule 54.2(a), nor is it the prevailing party.  A party "prevails" when actual relief on the merits of its claim materially alters the legal relationship between the parties by modifying the opposing party's behavior in a way that directly benefits the party.  Id. (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).  Defendants obtained an FRCP 41(a)(2) dismissal without prejudice of their First Amended Counterclaim.  Insofar as a dismissal without prejudice subjects a defendant to the possibility of the plaintiff re-filing an action, there is no alteration of the legal relationship between the parties.  Cadkin v. Loose, 569 F.3d 1142, 1149 (9th

7

Cir. 2009) (holding that a voluntary dismissal does not alter the legal relationship of the parties because there is a risk of refiling following a dismissal without prejudice; thus, the party against whom a claim is dismissed is not a prevailing party); <u>Oscar v. Alaska Dep't of Educ. and Early Dev.</u>, 541 F.3d 978, 981 (9th Cir. 2008) (holding that an FRCP 41 "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing").  Accordingly, Plaintiff is not a prevailing party and it is not entitled to recover the taxable costs it incurred in connection with Defendants' counterclaim.

## CONCLUSION

Based on the foregoing, this Court FINDS and RECOMMENDS that Defendants' Objections to Plaintiff's Bill of Costs, filed August 17, 2011, be SUSTAINED, and that Plaintiff's request for taxable costs be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 24, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00181 DAE-KSC; BlueEarth Biofuels, LLC v. Hawaiian Electric Company, Inc., et al.; FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY, LTD. AND KARL E. STAHLKOPF'S OBJECTIONS TO PLAINTIFF BLUEEARTH BIOFUELS, LLC'S BILL OF COSTS