IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BLUEEARTH BIOFUELS, LLC, | ) CIVIL NO. 09-00181 DAE-KSC |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS |
| | ) HAWAIIAN ELECTRIC COMPANY, |
| vs. | ) INC., MAUI ELECTRIC |
| | ) COMPANY, LTD., AND KARL |
| HAWAIIAN ELECTRIC COMPANY, | ) STAHLKOPF'S MOTION FOR |
| INC.; MAUI ELECTRIC | ) RECONSIDERATION OF THE |
| COMPANY, LTD.; ALOHA | ) COURT'S AUGUST 22, 2011 |
| PETROLEUM, LTD.; and KARL | ) FINDINGS AND |
| E. STAHLKOPF, Individually, | ) RECOMMENDATION REGARDING |
| | ) PLAINTIFF'S OBJECTIONS TO |
| Defendants. | ) THE BILL OF COSTS OF |
| | ) DEFENDANTS HAWAIIAN |
| | ) ELECTRIC COMPANY, INC., |
| | ) MAUI ELECTRIC COMPANY, |
| | ) LTD., AND KARL STAHLKOPF |
| _____ | ) |

ORDER GRANTING DEFENDANTS HAWAIIAN ELECTRIC COMPANY,
INC., MAUI ELECTRIC COMPANY, LTD., AND KARL STAHLKOPF'S
MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 22,
2011 FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S OBJECTIONS TO THE BILL OF COSTS OF
DEFENDANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI
ELECTRIC COMPANY, LTD., AND KARL STAHLKOPF

        Before the Court is Defendant Hawaiian Electric

Company, Inc., Maui Electric Company, Ltd., and Karl

Stahlkopf's (collectively "Defendants") Motion for

Reconsideration of the Court's August 22, 2011 Findings

and Recommendation Regarding Plaintiff's Objections to

the Bill of Costs of Defendants Hawaiian Electric

Company, Inc., Maui Electric Company, Ltd., and Karl E. Stahlkopf ("Motion"), filed September 2, 2011. Plaintiff BlueEarth Biofuels LLC ("Plaintiff") filed an Opposition on September 16, 2011. This matter shall be decided without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

After reviewing the parties' submissions, the Court GRANTS the Motion and HEREBY MODIFIES its August 22, 2011 Findings and Recommendation Regarding Plaintiff's Objections to the Bill of Costs of Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd., and Karl E. Stahlkopf ("F&R") to include $7,780.05 in outside vendor copying costs.

<u>DISCUSSION</u>

Defendants seek reconsideration of the Court's F&R pursuant to Local Rule 60.1(c). In particular, Defendants submit that the Court should have awarded $7,780.05 in certain outside vendor copying costs. Plaintiff contends that Defendants have failed to

establish a basis for reconsideration.

Local Rule 60.1 provides three grounds for reconsideration of interlocutory orders:

> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

Local Rule 60.1. Motions for reconsideration under Local Rule 60.1(c) "must be filed and served not more than fourteen (14) days after the court's written order is filed." <u>Id.</u>

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." <u>Jacob v. United States</u>, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing <u>Decker Coal Co. v. Hartman</u>, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a

sufficient basis for reconsideration.  White v.
Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006)
(citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572
(D. Haw. 1988)); Haw. Stevedores, Inc. v. HT & T Co.,
363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or
not to grant reconsideration is committed to the sound
discretion of the court."  Navajo Nation v.
Confederated Tribes and Bands of the Yakama Indian
Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing
Kona Enters., 229 F.3d at 890).

Upon further review of 9 invoices for which
Defendants seek reimbursement, the Court finds that the
requested costs are compensable.  Section 1920(4) of
Title 28 of the U.S. Code explicitly provides for the
taxation of copying costs and section 1920(3) provides
for the taxation of "[f]ees and disbursements for
printing."  28 U.S.C. § 1920(3) & (4).  Local Rule
54.2(f)(4) further specifies that:

> The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copied,
> the number of pages copied, the cost per

4

> page, and the use of or intended purpose
> for the items copied. **As of the effective
> date of these rules, the practice of this
> court is to allow taxation of copies at
> $.15 per page or the actual cost charged
> by commercial copiers, provided such
> charges are reasonable.** The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.

Local Rule 54.2(f)(4) (emphasis added). The copying costs charged by Accucopy, Inc., HonBlue, and Professional Image for copies of oversized documents and for scanning and conversion of documents to TIFF format appear to be reasonable and were incurred in connection with Defendants' production of responsive documents. <u>Fast Memory Erase, LLC v. Spansion, Inc.</u>, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *5 (N.D. Tex. Nov. 10, 2010) (finding compensable costs for creating TIFF images of documents responsive to plaintiff's discovery requests); <u>Adidas Am., Inc. v. Payless Shoesource, Inc.</u>, Nos. 01-1655-KI (Lead Case), CV 03-1116-KI, 2009 WL 302246, at *6 (D. Or. Feb. 9, 2009) (allowing costs for TIFF conversion). Although the Court, in its F&R, expressed its concern that

copies may have been obtained for Defendants or their counsel's use, the Court finds that the foregoing outside copying costs do not present such an issue, given the nature of the services provided.

Accordingly, the Court recommends that an additional $7,780.05 be taxed in Defendants' favor for outside vendor copying costs.

CONCLUSION

For the aforementioned reasons, the Court HEREBY GRANTS Defendants' Motion for Reconsideration of the Court's August 22, 2011 Findings and Recommendation Regarding Plaintiff's Objections to the Bill of Costs of Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd., and Karl E. Stahlkopf, filed September 2, 2011. Insofar as the Court has granted the Motion, the Court HEREBY MODIFIES its August 22, 2011 F&R (Doc. No. 658) and RECOMMENDS that an additional $7,780.05 be taxed against Plaintiff, for a total of **$35,055.21**.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 22, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00181 DAE-KSC; BlueEarth Biofuels, LLC v. Hawaiian Electric
Company, Inc., et al.; ORDER GRANTING DEFENDANTS HAWAIIAN ELECTRIC
COMPANY, INC., MAUI ELECTRIC COMPANY, LTD., AND KARL STAHLKOPF'S
MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 22, 2011 FINDINGS AND
RECOMMENDATION REGARDING PLAINTIFF'S OBJECTIONS TO THE BILL OF COSTS
OF DEFENDANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY,
LTD., AND KARL STAHLKOPF