IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BLUEEARTH BIOFUELS, LLC, | ) CIVIL NO. 09-00181 DAE-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION REGARDING |
| vs. | ) PLAINTIFF'S OBJECTIONS TO |
| | ) THE BILL OF COSTS OF |
| HAWAIIAN ELECTRIC COMPANY, | ) DEFENDANT ALOHA PETROLEUM, |
| INC.; MAUI ELECTRIC | ) LTD. |
| COMPANY, LTD.; ALOHA | ) |
| PETROLEUM, LTD.; and KARL | ) |
| E. STAHLKOPF, Individually, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S OBJECTIONS TO THE BILL OF COSTS
OF DEFENDANT ALOHA PETROLEUM, LTD.

Before the Court is Plaintiff BlueEarth

Biofuels LLC's ("Plaintiff") Objections to the Bill of

Costs ("BOC") of Defendant Aloha Petroleum, Ltd.

("Defendant"), filed September 22, 2011.  The Court

finds this matter suitable for disposition without a

hearing pursuant to Rule 7.2(d) of the Local Rules of

Practice of the United States District Court for the

District of Hawaii ("Local Rules").

After reviewing the parties' submissions, the

Court FINDS and RECOMMENDS that Plaintiff's Objections

be SUSTAINED IN PART AND OVERRULED IN PART.  The Court
recommends that costs be taxed against Plaintiff in the
amount of **$7,808.58**.

## BACKGROUND

As the parties and the Court are familiar with
the extensive history of this case, the Court will
limit the background to those facts relevant to the
instant Objections.

On November 15, 2010, United States District
Judge David Alan Ezra issued an Order Denying
Plaintiff's Motion for Partial Summary Judgment;
Granting Defendant HECO's Counter-Motion for Partial
Summary Judgment.  Doc. No. 389.  On February 8, 2011,
Judge Ezra issued an Order: (1) Granting in Part and
Denying in Part Defendants Hawaiian Electric Company,
Inc., Maui Electric Company, Ltd. and Karl E.
Stahlkopf's Amended Motion to Dismiss the Fourth,
Sixth, Seventh, Ninth, Tenth and Eleventh Causes of
Action of Plaintiff BlueEarth Biofuels, LLC's Third
Amended Complaint and; (2) Granting in Part and Denying
in Part Aloha Petroleum, Ltd.'s Motion for Judgment on

the Pleadings on Counts Six Through Ten of the Third Amended Complaint. Doc. No. 484. On May 25, 2011, Judge Ezra issued an Order: (1) Granting Plaintiff and Counterclaim-Defendant BlueEarth Biofuels, LLC and Counterclaim-Defendant Landis Maez's Motion to Dismiss First Amended Counterclaim of Hawaiian Electric Company, Inc. and Maui Electric Company, Ltd.; (2) Granting in Part and Denying in Part Defendants Hawaiian Electric Company, Inc., Maui Electric Company Ltd. and Karl E. Stahlkopf's Motion for Summary Judgment on the First, Second, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Causes of Action of the Third Amended Complaint; (3) Granting in Part and Denying in Part Defendant Aloha Petroleum Ltd.'s Motion for Summary Judgment on the Claim for Lost Profits and on the Fifth Through Tenth Causes of Action of the Third Amended Complaint; (4) Granting Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd. and Karl E. Stahlkopf's Joinder in Defendant Aloha Petroleum, Ltd.'s Motion for Summary Judgment and; (5) Dismissing Count Six of the Third Amended Complaint.

Doc. No. 617.

On July 18, 2011, the Court granted Defendants' Motion to Dismiss First Amended Counterclaim Without Prejudice and Rule 54(b) Motion for Entry of Final Judgment and granted Defendant Aloha Petroleum, Ltd.'s Simple Joinder in and Statement of Position on the aforesaid Motion. Doc. No. 628.

On July 22, 2011, Defendant filed a Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) and to Stay Proceedings on its Counterclaim Pending Appeal of the Judgment. Doc. No. 630. On August 16, 2011, Judge Ezra issued an Order: (1) Granting Aloha's Motion for Entry of Final Judgment Pursuant to Rule 54(b) and (2) Staying the Proceedings on Aloha's Counterclaim Pending Appeal of Final Judgment. Doc. No. 652

On August 18, 2011, the Clerk entered judgment in Defendant's favor. Doc. No. 656.

On August 23, 2011, the Court issued an Order Granting Aloha Petroleum, Ltd.'s *Ex Parte* Application for an Enlargement of Time During Which it May Submit

its Bill of Costs and May Move for an Award of Attorneys' Fees and Related Non-Taxable Expenses. Doc. No. 661.

On August 25, 2011, Plaintiff filed an Amended Notice of Appeal to the Ninth Circuit.

On September 15, 2011, Defendant filed its Bill of Costs.

## DISCUSSION

Defendant requests costs in the amount of $21,706.37 pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1). Specifically, Defendants seek the following: 1) fees of the clerk - $50.00; 2) fees for service of summons and subpoena - $3,887.02; and 3) fees for printed or electronically recorded transcripts necessarily obtained for use in the case - $17,769.35.

## I. Entitlement to Costs

Defendant argues that it is entitled to the aforementioned costs as the prevailing party in this action. FRCP 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the

prevailing party unless the court otherwise directs."
Fed. R. Civ. P. 54(d)(1).  Courts have discretion to
award costs pursuant to FRCP 54(d).  <u>See</u> <u>Yasui v. Maui</u>
<u>Elec. Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw.
1999).  The burden is on the losing party to
demonstrate why costs should not be awarded.  <u>Stanley</u>
<u>v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir.
1999).

　　　　The parties do not dispute Defendant's
prevailing party status in this action.  Judgment has
entered in Defendant's favor, and it is the "prevailing
party" for the purpose of awarding costs under FRCP
54(d)(1).

## II. <u>Calculation of Taxable Costs</u>

　　　　While courts have discretion to award costs
pursuant to FRCP 54(d), courts may only tax the costs
specified in 28 U.S.C. § 1920.  <u>See</u> <u>Yasui</u>, 78 F. Supp.
2d at 1126 (citing <u>Alflex Corp. v. Underwriters Labs.,</u>
<u>Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990); <u>Crawford</u>
<u>Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42

(1987)).  Section 1920 enumerates the following costs:

>   (1) Fees of the clerk and marshal;
>   (2) Fees of the court reporter for all
>   or any part of the stenographic
>   transcript necessarily obtained for
>   use in the case;
>   (3) Fees and disbursements for
>   printing and witnesses;
>   (4) Fees for exemplification and
>   copies of papers necessarily obtained
>   for use in the case;
>   (5) Docket fees under section 1923 of
>   the title;
>   (6) Compensation of court appointed
>   experts, compensation of interpreters,
>   and salaries, fees, expenses, and
>   costs of special interpretation
>   services under section 1828 of this
>   title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126.  The

Court addresses each of the requested costs in turn.

A.  <u>Fees of Clerk/Service of Process</u>

As an initial matter, the Court notes that

Plaintiff does not object to Defendant's request for 1)

fees of the clerk – $50.00 and 2) fees for service of

summons and subpoena – $3,887.02.  Insofar as these

costs are compensable pursuant to §§ 1920(1)[1] and Local

---

[1]  Section 1920(1) allows for the taxation of the
fees of the clerk and marshal.

7

Rule 54.2(f)(1),[2] the Court recommends that **$3,937.02** be taxed in Defendant's favor.

B.  Transcript Costs

The only issue remaining for disposition is whether Defendant is entitled to $17,769.35 in transcript costs.  Defendant seeks to recover costs for hearing transcripts, some of which were obtained on an expedited basis, and a number of deposition transcripts.  Plaintiff submits that the request should be rejected because 1) Defendant has not demonstrated that all of the transcripts were necessarily obtained for use in the case for any purpose other than discovery and 2) Defendant has not established the necessity of obtaining certain transcripts on an expedited basis.

Section 1920(2) provides for the taxation of the "[f]ees of the court reporter for all or any part

---

[2]  Local Rule 54.2(f)(1) provides: "Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent that they are reasonably required and actually incurred."  Local Rule 54.2(f)(1).

of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

## 1. Hearing Transcripts

Defendant requests $600.84 in hearing transcripts. Plaintiff challenges the reasonableness and necessity of the request.

### a. Expedited Transcripts

Defendant asks that the Court tax the expedited transcript costs for 1) the September 18, 2009 hearing on Plaintiff's Motion for Temporary Restraining Order; 2) the October 5, 2009 hearing on Defendant's Motion to Dismiss; and 3) the February 4, 2011 hearing on Plaintiff's Motion for Leave to File Supplemental

Pleading.  Defendant submits that the foregoing transcripts were all reasonably and necessarily requested on an expedited basis in order to comply with Court imposed deadlines.  Specifically, Defendant explains that the expedited September 18, 2009 hearing transcript was necessary to prepare a response to the supplemental memorandum that Judge Ezra ordered Plaintiff to submit by September 25, 2011; that the expedited October 5, 2009 hearing transcript was necessary to prepare questions to be certified to the Hawaii Supreme Court; and that the expedited February 4, 2011 hearing transcript was necessary to prepare for a status conference regarding a new trial date scheduled one week after the hearing.  Mem. in Supp. of Bill of Costs at 6.  After reviewing Defendant's explanations, the Court finds that the expedited request for the September 18, 2009 hearing was reasonable and appropriate.  The ordinary turnaround time for a transcript is 30 days.  Given the September 29, 2009 deadline imposed by Judge Ezra for submitting

supplemental briefing, <u>see</u> Doc. No. 154, Defendant required expedited processing of the transcript.  The Court therefore recommends that **$35.81** be taxed in Defendant's favor.

Although the Court finds that expedited processing was likewise appropriate and reasonable with respect to the October 5, 2009 hearing transcript, the Court concludes that it was unnecessary to pay for the fastest processing method.  Insofar as Judge Ezra imposed an October 26, 2009 deadline for the parties to submit draft certification questions, <u>see</u> Doc. No. 168, 14-day processing would have been sufficient. Accordingly, the Court recommends that **$200.26** be taxed in Defendant's favor for the October 5, 2009 transcript.[3]

The Court declines to tax the costs incurred in obtaining the expedited transcript for the February 4,

_____

[3]  The Court arrived at this amount by applying the 14-day expedited processing charge ($4.25/page), as opposed to the 7-day expedited processing charge ($4.85/page).

11

2011 hearing.  The Court does not believe it was necessary for Plaintiff to obtain an expedited transcript, much less a transcript, to prepare for the status conference regarding a new trial date.  While the transcript may have been of value to Defendant, it is unclear why Defendant could not simply rely on counsel's notes and recollections from the hearing to prepare for the status conference.

### b.  Ordinary Transcripts

In addition to requesting expedited hearing transcripts, Defendant seeks reimbursement for the transcripts obtained for the April 4, 2011 hearing on Plaintiff's Motion for Extension of Time to File Rebuttal Expert Report of William W. Milks, Esq. and the April 25, 2011 hearing on Plaintiff's Motion to Dismiss First Amended Counterclaim of HECO & MECO; Motion for Summary Judgment; Defendant's Motion for Summary Judgment on the Claim for Lost Profits and on the Fifth Through Tenth Causes of Action of the Third Amended Complaint; and Motion for Joinder Regarding

Defendant's Motion. Defendant has not explained why either of these transcripts were necessarily obtained for use in the case. Consequently, the Court declines to tax the costs associated with the April 4, 2011 hearing transcript. However, in view of the significance of the April 25, 2011 hearing, and the fact that Plaintiff has appealed the order disposing of the motions addressed at the hearing, the Court recommends that **$191.10** be taxed in Defendant's favor.

Based on the foregoing, the Court recommends that Defendant recover **$427.17** in hearing transcript costs.

2. <u>Deposition Transcripts</u>

Finally, Defendant requests $17,168.51 for deposition transcripts, arguing that said costs were incurred with the reasonable expectation that the depositions would be used for trial preparation. Plaintiff objects to the request on the ground that Defendant has not sufficiently demonstrated that the costs were reasonably and necessarily incurred.

13

Plaintiff asserts that some of the invoices reflect deposition expenses for individuals not directly related to Plaintiff's claims against Defendant.

After carefully reviewing Defendant's exhibits and the record in this case, the Court finds that the deposition transcript costs related to Landis Maez and Karl Stahlkopf are compensable because Mr. Maez and Mr. Stahlkopf are parties to the action. As for the remaining deposition costs, Defendant has failed to establish that it had a reasonable expectation that said depositions would be used for trial preparation rather than mere discovery. Defendant's conclusory assertion that the deposition transcripts were obtained with the expectation that the depositions would be used for trial preparation is insufficient. Defendant has not explained why the subject transcripts were needed for trial preparation. Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) (deposition transcript costs are taxable if they are reasonably necessary for trial). Without this information, the Court is unable

to assess the reasonableness of the request. Accordingly, the Court recommends that Defendant be awarded **$3,444.39** in deposition transcript costs.

CONCLUSION

For the aforementioned reasons, this Court FINDS and RECOMMENDS that Plaintiff's Objections to the Bill of Costs of Defendant Aloha Petroleum, Ltd., filed September 22, 2011, be SUSTAINED IN PART AND OVERRULED IN PART, and that **$7,808.58** in costs be taxed in Defendant Aloha Petroleum, Ltd.'s favor.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 28, 2011.





Kevin S.C. Chang
United States Magistrate Judge

CV 09-00181 DAE-KSC; <u>BlueEarth Biofuels, LLC v. Hawaiian Electric Company, Inc., et al.</u>; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTIONS TO THE BILL OF COSTS OF DEFENDANT ALOHA PETROLEUM, LTD.

15