IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BLUEEARTH BIOFUELS, LLC, | ) | CIVIL 09-00181 LEK-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| HAWAIIAN ELECTRIC COMPANY, INC.; MAUI ELECTRIC COMPANY, LTD.; ALOHA PETROLEUM, LTD.; and KARL E. STAHLKOPF, Individually, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY, LTD. AND KARL E. STAHLKOPF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART THESE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS; AND ADOPTING THE <u>MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION</u>**

On December 29, 2014, the magistrate judge issued his Findings and Recommendation to (1) Grant in Part and Deny in Part Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd., and Karl Stahlkopf's Motion for Attorneys' Fees and Non-Taxable Costs; (2) Grant in Part and Deny in Part Defendant Aloha Petroleum, Ltd.'s Motion for Attorneys' Fees and Related Non-Taxable Costs; and (3) Deny Plaintiff's Motion for Award of Attorneys' Fees ("F&R"). [Dkt. no. 756.] On January 12, 2015, Defendants Hawaiian Electric Company, Inc., Maui Electric Company, Ltd., and Karl E. Stahlkopf (collectively "HECO") filed their Objections to the F&R ("Objections") and, on

January 26, 2015, Plaintiff BlueEarth Biofuels, LLC ("BlueEarth") filed its response to the Objections ("Response"). [Dkt. nos. 757, 761.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Objections, supporting and opposing memoranda, and the relevant legal authority, HECO's Objections is HEREBY DENIED and the F&R is HEREBY ADOPTED for the reasons set forth below.

## BACKGROUND

On July 22, 2011, the Clerk of Court entered judgment in favor of the defendants in this case.[1] [Dkt. no. 629.] On August 5, 2011, HECO filed its Motion for Attorneys' Fees and Non-Taxable Costs ("Motion"). [Dkt. no. 639.] On November 14, 2011, this Court adopted the magistrate judge's Order Staying and Holding in Abeyance All Pending Motions for Attorneys' Fees ("Stay Order"), while the parties appealed the judgment to the Ninth Circuit Court of Appeals. [Dkt. nos. 696, 698.] On June 21, 2013, the Ninth Circuit affirmed this Court's judgment. [Dkt. no. 714.]

---

[1] In addition to HECO, BlueEarth named Aloha Petroleum Ltd. ("Aloha") as a defendant in this case and, in the F&R, the magistrate judge awarded it fees and costs. Although Aloha's award was lower than what it requested, [F&R at 5, 71,] Aloha did not object to the F&R.

On August 1, 2013, HECO filed an application for attorneys' fees before the Ninth Circuit ("Application"), [BlueEarth Biofuels, LLC v. Hawaiian Electric Co., Inc. et al., No. 11-16846 (9th Cir.), dkt. no. 66,] and on September 3, 2014, the Ninth Circuit awarded fees pursuant to Haw. Rev. Stat. § 607-14 ("Ninth Circuit Fee Order"). [Dkt. no. 732.[2]] On September 15, 2014, the magistrate judge lifted the stay. [Minutes, filed 9/15/14 (dkt. no. 734).] Pursuant to the magistrate judge's ruling, on October 17, 2014, HECO filed a supplemental memorandum in support of the Motion ("Supplemental Memorandum"), which included as an exhibit the Ninth Circuit Fee Order. [Dkt. nos. 735, 735-5.] On December 29, 2014, the magistrate judge issued the F&R recommending, *inter alia*, that HECO be awarded $1,825,980.52 in attorneys' fees and $39,887.71 in non-taxable expenses for the work it did before the trial court between October 2008 and July 2011. [F&R at 71.] HECO timely filed its Objections.

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the

---

[2] HECO also attaches the Ninth Circuit Fee Order to its Objections, [Objections, Decl. of Clyde J. Wadsworth, Exh. A,] and BlueEarth attaches it to its Response [Response, Exh. A].

objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

PJY Enters., LLC v. Kaneshiro, Civil No. 12-00577 LEK-KSC, 2014 WL 3778554, at *2 (D. Hawai`i July 31, 2014) (alteration in PJY) (some citations omitted).

## **DISCUSSION**

HECO objects to "just one part of the F&R - the recommendation to reduce the hourly rates of three of its attorneys and one paralegal[.]" [Objections at 1.] Specifically, it objects to the reduction of the hourly rates of: (1) Paul Alston, Esq., from $540 to $425; (2) Clyde J. Wadsworth, Esq., from $325 to $290; (3) Orlesia A. Tucker, Esq., from $280 to $225; and (4) Iris K. Takane from $145 to $90. The Court therefore limits its review of the F&R to this single issue.

4

The crux of HECO's argument is that, since the Ninth Circuit found, in the Ninth Circuit Fee Order, that the requested rates were reasonable, the magistrate judge erred in reducing those same rates for the same attorneys. HECO argues that the Ninth Circuit Fee Order is the law of the case, [id. at 2,] and in any event, the Ninth Circuit reached its reasonableness determination in ruling on the Application in reliance on the same evidence that HECO has offered in support of its Motion before this Court [id. at 5 n.1, 8-13].

In response, BlueEarth argues that, even if the Ninth Circuit's reasonableness determination could be considered the law of the case, it would apply only to rates for appellate work done between 2011 and 2013, as the magistrate judge recognized. Response at 5-6; see also F&R at 28-29. For that reason, the evidence upon which the Ninth Circuit relied is inapplicable here. Instead, local district court cases show that the magistrate judge's reduction was proper and, in fact, generous since the rates he awarded are in some cases higher than awards in similar district court cases in this district between 2008 and 2011.[3] [Response at 12-20.]

---

[3] BlueEarth also points out that HECO argues "that the helpful portions of the [Ninth Circuit Fee Order] should be the law of the case, while less helpful portions should be ignored." [Response at 5.] While it may be true that HECO only objects to the portions of the F&R that resulted in a lower fee award – rather than the portions where the magistrate judge cut hours
(continued...)

5

The Court finds BlueEarth's arguments persuasive. While the Ninth Circuit Fee Order is the law of the case, it applies to fees charged for <u>appellate</u> work done between 2011 and 2013. The Ninth Circuit Fee Order expressly limited its determinations to "2011-13 court of appeals work[.]" <u>See e.g.</u>, Ninth Circuit Fee Order at 6 ("Thus, HECO's requested $540 hourly rate for Alston's 2011-13 court of appeals work is reasonable and is awarded."), 8 ("Accordingly, HECO's requested "$325 hourly rate for Wadsworth's 2011-13 court of appeals work in this case is reasonable and is awarded."). The issue before this Court is whether the "requested hourly rate reflects prevailing community rates for similar services." <u>Au v. Republic State Mortgage Co.</u>, Civ. No. 11-00251 JMS-KSC, 2014 WL 770291, at *6 (D. Haw. Feb. 25, 2014) (citing <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987)). That is, whether the requests are reasonable in light of the prevailing rate for practicing law before this district court between 2008 and 2011. The Court also considers the experience, skill, and reputation of the attorney requesting fees. <u>Webb v. Ada Cnty.</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).

---

[3](...continued)
billed at a lower proportion than the Ninth Circuit – this is not legally inconsistent. Nor does it affect the Court's analysis of the issue before it – the reasonableness of the attorneys' requested fee rates.

This district court has well-developed law on this point, and the Court finds that, based on it, HECO's requested rates are unreasonable. The Court further FINDS that the rates recommended by the magistrate judge – $425 for Mr. Alston, $290 for Mr. Wadsworth, $225 for Ms. Tucker, and $90 for Ms. Takane – are reasonable and consistent with the prevailing rates for practicing law before this district court between 2008 and 2011.[4] See, e.g., Donkerbrook v. Title Guar. Escrow Servs., Inc., Civil No. 10-00616 LEK-RLP, 2011 WL 3649539, at *7 (D. Hawai`i Aug. 18, 2011) (noting that "$350 is the highest hourly rate that this Court currently awards" and finding for a paralegal with a law degree "a reasonable hourly rate would be $85, which is on the high end of the range of hourly rates for paralegals in Hawai`i"); HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1232 (D. Hawai`i 2011) ("This court has recently found that $285 per hour is the prevailing rate in this community for attorneys with 20 to 30 years experience."); JJCO, Inc. v. Isuzu Motors Am., Inc., Civil No. 08-00419 SOM-LEK, 2010 WL 3001924, at *10 (D. Hawai`i July 30, 2010) (finding rate of $185 a "reasonable

---

[4] The Court notes that these rates applied in August 2011, so HECO's argument, that the F&R rates are too low, is baseless. See Objections at 12 ("this Court should reject BlueEarth's argument that the approved rates for HECO's legal defense from 2011 to 2013 have no bearing on the rates applicable to its defense in earlier years" because "courts in this Circuit typically look to the rates in effect at the time of the prevailing party's fee application").

hourly rate" for attorney practicing eleven years).[5]

The Court reaches this result even though HECO has offered similar evidence here as it did before the Ninth Circuit. The Ninth Circuit relied heavily upon the declarations of HECO's counsel and BlueEarth's mainland counsel. This Court has stated that: "In addition to their own statements, attorneys are **required** to submit additional evidence that the rate charged is reasonable." Donkerbrook, 2011 WL 3649539, at *7 (emphasis added) (citing Jordan v. Multnomah City., 815 F.2d 1258, 1263 (9th Cir. 1987)). "The actual rate charged by the attorney is not the benchmark[.]" Ireijo v. Agnew, Civil No. 07-00290 JMS/LEK, 2007 WL 4190694, at *2 (D. Hawai`i Nov. 20, 2007). The benchmark is the case law outlined by the Court above.

In addition to relying on its "knowledge of the community's prevailing rates," [F&R at 30,] the magistrate judge did consider the other evidence:

> To support their counsel/paralegals' rates, Aloha argues that said rates are comparable to, and in many instances lower than, those charged by Plaintiff's attorneys and paralegals. However, the rates charged by opposing counsel have no bearing on the reasonableness of the hourly rates requested by Defendants, particularly where, as here, the rates cited by Aloha pertain to Plaintiff's mainland counsel. Even if the rates cited by Aloha pertained to Plaintiff's local counsel, they would not support a finding of

---

[5] This final citation refers to the magistrate judge's findings and recommendation, which the district judge adopted on October 21, 2010. 2010 WL 4272980.

8

> reasonableness with respect to all of Aloha's counsel. The hourly rate willingly paid by a client is not necessarily commensurate with "prevailing rates" in this district. The fact that certain clients may be willing to pay specified rates does not mean that counsel "command this rate as to all their clients and/or are entitled to such rate as a reasonable hourly rate." Haw. Defense Found. v. City and Cnty. of Honolulu, Civil No. 12-00469 JMS-RLP, 2014 WL 2804448, at *5 n.7 (D. Haw. June 19, 2014). If the hourly rates awarded by the Court always had to comport with the rates paid by clients, it would dispense of the requirement that a court take into account an attorney's skill and experience.

[Id. at 29-30.] The Court agrees with this reasoning, and finds that it applies equally to HECO. The Court thus rejects HECO's arguments that it should adopt the requested fee rates.

## **CONCLUSION**

On the basis of the foregoing, HECO's Objections, filed January 12, 2015, is HEREBY DENIED, and the magistrate judge's F&R, issued December 29, 2014, is HEREBY ADOPTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 27, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BLUEEARTH BIOFUELS LLC VS. HAWAIIAN ELECTRIC COMPANY, INC., ET AL; CIVIL 09-00181 LEK; ORDER DENYING DEFENDANTS HAWAIIAN ELECTRIC COMPANY, INC., MAUI ELECTRIC COMPANY, LTD. AND KARL E. STAHLKOPF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND NON-TAXABLE COSTS; AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**